.164 So. 410

**PHŒNIX BUILDING & HOMESTEAD ASS'N v. MALONEY et ux.**

No. 33635.

Nov. 4, 1935.

Rehearing Denied Dec. 2, 1935.

Delvaille H. Theard, of New Orleans, for respondent.

Harold A. Moise and Harold J. Moore, both of New Orleans, for relators.

ODOM, Justice.

Relators allege in their application for writs that on May 16, 1934, the Phœnix Building & Homestead Association obtained final judgment against them for $6,-940.47, with interest and costs, and that on March 20, 1935, said Homestead Association caused a writ of fieri facias to be issued under which certain real estate belonging to them was seized and advertised for sale.

They further allege that their property was not sold under said writ and advertisement and that after the lapse of more than ninety days the Homestead Association caused another writ to issue on July 15, 1935, without the sheriff's having made return on the first writ; that their property was seized under the second writ and advertised for sale; that a notice of seizure was served on them by the sheriff on July 16, 1935, and that their property was advertised for sale on July 19, 1935, less than three full days intervening between the service of the notice of seizure and the advertisement of the property.

They further allege that a sale of their property under these proceedings would be illegal, null, and void, first, because the is-

suance of the writ dated July 15, 1935, was unauthorized because at the time the same was issued the sheriff had not made return on the first writ, and, second, because less than three days lapsed between the date on which notice of seizure was served on them under the second writ and the advertisement of the property for sale. They further complain that the notice of seizure served on them did not set forth the amount due by them and the amount which it was expected that the sheriff would collect under the writ.

Relators further allege that they made application to the judge of the Twenty-Fourth judicial district court for the parish of Jefferson for an injunction to restrain the sheriff of that parish from proceeding further with the advertisement and sale of their property, which application for injunction was refused by the judge.

We granted the writs applied for with stay order, ordering the judge of the Twenty-Fourth judicial district court and the Phœnix Building & Homestead Association to show cause on or before October 8, 1935, why the relief prayed for by relators should not be granted.

The judge and the Homestead Association made returns from which it appears that since the application for writs was made by relators, and since the same were granted by this court, the sheriff returned the first writ of fieri facias into court on the ground that the same had lapsed, having been outstanding and unrenewed for more than seventy days. It further appears from the returns made by the judge

and the Homestead Association that the writ of fieri facias issued July 15, 1935, was also formally returned by the sheriff and the seizure under that fieri facias was abandoned by the Homestead Association.

It thus appears that all of the grounds on which relators based their application for injunction in the district court, and on which they base their applications for writs in this court, have been removed by the voluntary action of the Homestead Association in instructing the sheriff to return said writs and release the seizure and cancel the advertisement for the sale of relators' property. Apparently the Homestead Association has acquiesced in each and every objection which relators made to the seizure and advertisement of their property. Such being true, this is purely a moot case.

It further appears by the returns made by the judge and the Homestead Association that after the two first writs were returned into court by the sheriff and the seizures under them abandoned, the Homestead Association procured the issuance of a third writ of fieri facias on August 21, 1935, and that the property of relators was again seized and advertised for sale. However, the seizure and advertisement under that writ of fieri facias is not involved in the case now before us.

In view of the proceedings had, as detailed above, there is nothing for this court to decide. The case is moot.

For the reasons assigned, the order granted by us is now recalled, and relators' application is dismissed at their costs.